No. 21,470.

ORVILLE A. SMITH et al., *Appellants,* v. ARVILLA LUNDY et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. JURISDICTION—*Motion for Judgment on Pleadings—Motion Denied—Appeal Too Late.* A motion for judgment on the pleadings invokes the trial court's judgment and decision on pleaded and undisputed facts, and an appeal from such decision must be taken within six months; otherwise, the supreme court is without jurisdiction to review any error involved therein. (Civ. Code, § 572.)

2. SAME—*Question of Law—Time for Taking Appeal Thereon.* The filing of a motion for a new trial and its pendency for several months in the trial court does not extend the time provided by the code for

the taking of an appeal which only seeks a review of a question of law.

Appeal from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed June 8, 1918. Dismissed.

*W. E. Mahin,* of Osborne, *J. E. Brooks,* and *C. O. Buckles,* both of Sedan, for the appellants.

*H. McCaslin,* of Osborne, *John J. McCurdy,* of Lincoln, and *C. W. Smith,* of Stockton, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs are minors, whose interest in a tract of land inherited from their father was sold and the proceeds reinvested by their mother and guardian on authority of the probate court. The action was based upon certain irregularities in the proceedings in the probate court authorizing the sale of the minors' interest, and upon the ground that the sale sanctioned by the probate court was void because the vendee was the husband of their mother and guardian. Ejectment, partition, rents, and equitable relief were prayed for by plaintiffs against their mother and the parties now claiming the land.

Plaintiffs' motion for judgment on the pleadings was overruled, and this ruling is the error complained of. Defendants now move to dismiss on the ground that this court has no jurisdiction of this appeal.

The judgment was rendered on May 16, 1916. The notice of appeal was served on defendants on April 18, 1917, filed with the clerk of the district court on April 24, 1917, and filed in this court on June 14, 1917, all of which was too late. (Civ. Code, § 572.) To resist the motion to dismiss, plaintiffs show that they had filed a motion for a new trial on May 17, 1916, and that such motion was pending in the trial court, and not overruled until February, 1917.

A motion for judgment on the pleadings invokes the trial court's judgment on questions of law as applied to the pleaded and conceded facts, and a judgment thereon is equivalent to a ruling on a demurrer. It is a ruling on the merits of the action or defense as presented by the pleadings (Civ. Code, § 565), and its propriety or correctness is purely a question of

law. No motion for a new trial is necessary before taking an appeal from a trial court's ruling on a mere question of law; and the time to appeal therefrom cannot be enlarged and extended by filing in the trial court an unnecessary motion for a new trial. (*Bowen v. Wilson,* 93 Kan. 351, 144 Pac. 251.) Since the legislature has limited the supreme court's appellate jurisdiction to appeals taken within six months after the rendition of a judgment in the trial court, the defendants' motion to dismiss must be sustained.

Dismissed.