No. 23,839.

CARRIE O. WHEELER, *Appellee*, v. A. BEEM, *Appellant*.

SYLLABUS BY THE COURT.

1. SPECIFIC PERFORMANCE—*Sale of Real Estate—Covenant Against Encumbrances—A Lateral Sewer Not an Encumbrance.* The proceedings in an action by the vendor of a dwelling house and city lots to compel the vendee to perform, examined, and *held,* a lateral sewer, occupying two feet of the margin of the lots, laid nine feet in the ground, and connected with the house, did not constitute an encumbrance, within the meaning of the contract to convey, which provided the property should be free of all encumbrances.

2. SAME. Privilege of the city to enter the premises for the purpose of maintaining efficiency of the sewer, should occasion arise, is an increment of benefit, and not an encumbering easement.

Wheeler v. Beem.

3. SAME—*Estoppel*. The proceedings examined further, and *held*, the vendee was estopped to assert existence of an encumbrance.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed July 8, 1922. Affirmed.

*J. L. Sheldon,* of Ottawa, and *C. S. Crawford,* of Abilene, for the appellant.

*F. M. Harris,* and *John C. Quin,* of Ottawa, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the vendor of real estate to compel the vendee to perform. Judgment was rendered for the plaintiff, and the defendant appeals.

The contract provided the land should be free from encumbrance, and the vendee based refusal to perform on existence of an encumbrance. The claimed encumbrance originated in a contract between property owners and the city in which the real estate is situated, relating to construction and maintenance of a sewer. The property owners, in consideration of benefits to be derived, granted to the city a perpetual easement to enter on described lots, including those in controversy, for the purpose of constructing, rebuilding, repairing, and perpetually maintaining a sewer thereon, the strip of land to be of sufficient width for the sewer, and the cost to be met by assessments on property on either side. The sewer was built under an ordinance conforming to the grant. The sewer was laid nine feet in the ground, occupied the east two feet of the lots in controversy, and had been paid for before the contract between the plaintiff and the defendant was made.

The court stated findings of fact and conclusions of law, which need not be reproduced at length. The defendant moved to set aside two of the findings, as not sustained by the evidence. Whether or not they were is not material, because findings not complained of determine the controversy. The conclusions of law were that the sewer was not an encumbrance, within the meaning of the contract, and that the defendant was estopped to complain of existence of the sewer. Both conclusions were correct.

The defendant's argument that an encumbrance existed is that the city was granted an easement in gross for construction and maintenance of the sewer, and an easement constitutes an encumbrance. Pertinent authorities are cited, which it is not necessary to review. The answer to the defendant's argument is that the

question whether a contract or covenant against encumbrances is broken, is not to be determined abstractly. The nature of the easement and its peculiar relation to the servient estate must be considered. Physical conditions not affecting title, and over which neither grantor nor grantee has control, are often held not to be encumbrances. This is particularly true of visible conditions, which the vendee must have taken into account when agreeing on price. (*Ireton v. Thomas,* 84 Kan. 70, 113 Pac. 306.) In the case of *Armstrong v. Trust Co.,* 96 Kan. 722, 153 Pac. 507, the court said:

"The courts have not hesitated to adopt 'the rule of reason' in construing covenants against incumbrances, and have often recognized a distinction between incumbrances which are such in a strictly literal exactness, and those which, from the nature of the contract, the situation of the parties, and their evident intent at the time it was made, appear not to have been in contemplation." (p. 724.)

In consonance with this doctrine, outstanding leases may sometimes be regarded as benefits instead of burdens, and so not within the covenant against encumbrances. (Rawle on Covenants for Title, 5th ed., § 85.) In *Unitarian Society v. Trust Co.,* 162 Iowa, 389, it was held a public sewer, five or six feet under ground, did not constitute a breach of the covenant against encumbrances.

An encumbrance must operate to diminish the value of the estate. (*Clark v. Fisher,* 54 Kan. 403, 38 Pac. 493.) In this instance, the sewer was a neighborhood lateral, and the grant was voluntarily made, to secure the benefits to be conferred on the property of the grantors; the defendant testified he knew there were sewer connections in the house he was buying, and he would not have purchased if it had not been equipped with sewer and bath; and the court expressly found the sewer was a benefit to the estate contracted to be conveyed. It would be a strange thing if the defendant could sue for damages for breach of contract, or breach of covenant against encumbrances, because of the existence of a physical condition which he considered so indispensable to the property that he would not have purchased if the condition had not existed. Because the sewer constituted a betterment instead of a detriment, it did not constitute an encumbrance, and the privilege of the city to enter for the purpose of maintaining efficiency of the sewer, should occasion arise, is an increment of benefit.

Mr. John L. High was agent of the plaintiff to negotiate the sale, and delivered the abstract of title to the defendant. The defend-

Wheeler v. Beem.

ant directed High to deliver the abstract to an attorney for examination, and the abstract was delivered to Mr. J. L. Sheldon, who examined it for the defendant, and made a number of requirements. The sewer contract was noted, but no requirement concerning it was stated. The court made the following finding of fact:

"The opinion of Mr. Sheldon on the title to said real estate was given to the plaintiff, and soon thereafter a meeting was held between the husband of the plaintiff, acting as her agent, and the defendant and his attorney. At this meeting the various objections concerning the title made by the attorney were read and discussed, and mention was made by the attorney of the Eshleman lease [sewer contract], and he there stated in the presence of the defendant that such lease was not considerd as an encumbrance on the title to the property, and that there was nothing that could be done about it. It was then agreed that the plaintiff should have the title to the property corrected to meet the approval of Mr. Sheldon, and that when this was done the deed would be accepted by the defendant and the mortgage given back to him and the contract completed."

The plaintiff employed Mr. F. M. Harris to perfect the title. He procured some quitclaim deeds, prosecuted to judgment an action to quiet title, and otherwise met all of Sheldon's requirements. The plaintiff expended some $250 in thus perfecting the title, which Sheldon approved in writing.

No exception was taken to the quoted finding. The testimony was that after the subject of the sewer had been discussed, the defendant said to the plaintiff's husband, acting for her, "If you clear up the title, and Mr. Sheldon passes on it, I will accept the property." Harris and Sheldon were frequently in consultation, agreed that the sewer and the sewer contract did not create an encumbrance, and the testimony was that Sheldon told Harris the title would be approved if the other matters were cleared up. Plainly, when the other matters were cleared up, and Sheldon approved the title, the defendant was estopped to claim existence of an encumbrance.

The defendant invokes the rule that estoppel may not be predicated on statements which induce performance of acts which the party pleading estoppel was bound to perform. The plaintiff was not bound to go forward and spend money for nothing, if the sewer contract and sewer, about which it was agreed nothing could be done, were to be considered as an encumbrance.

Contrary to a suggestion of the defendant, there was no oral modification of the contract, or waiver requiring a new consideration. The provision of the contract relating to freedom from en-

cumbrance was under interpretation. The nature of the subject was such that the understanding and intention of the parties was decisive, and the defendant agreed he would abide the interpretation that the sewer was not an encumbrance, if the plaintiff would expend time, effort and money on other subjects. The expenditure was made, and the defendant is bound. In the case of *Spaeth v. Kouns,* 95 Kan. 320, 148 Pac. 651, specific performance was ordered, in part on the mere inequity, without violation of an inducing promise, of allowing repudiation after expense had been incurred in perfecting title to the approval of the vendee's attorney. In the opinion the court said:

"Again, it may be well said that the result below was unfair. Defendant directed plaintiff to submit his abstract to defendant's attorney. That attorney raised certain questions and made certain suggestions, to comply with all of which caused plaintiff expense and trouble. After compliance and after defendant's attorney approved plaintiff's abstract and title, defendant without reasonable excuse refused to carry out his bargain. He should be compelled to do so; . . ." (p. 326.)

The judgment of the district court is affirmed.