State v. Baxter.

No. 26,908.

THE STATE OF KANSAS, *Appellee*, v. A. J. BAXTER, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Appellate Review—Matters in Record—Memorandum of Court on Refusing New Trial*. The defendant in a criminal case filed motions to continue, which were denied, and after verdict of guilty filed a motion for new trial on the ground the court erroneously refused to continue the case. When the motion for new trial was denied the district court filed a written memorandum, stating the grounds for refusing a continuance. *Held*, the memorandum is a part of the record, for the purpose of review.

2. TRIAL—*Memorandum Opinions by Trial Court—Filing Commendable*. The memorandum discussed the law and the facts, and gave the reasons for the court's rulings. *Held*, such opinions serve to illuminate the decisions they accompany, and the practice of filing them is commendable.

3. SAME — *Memorandum Opinions by Trial Court — How Considered*. The memorandum stated facts known to the court, which occurred in the course of the proceedings, and consequently of which the court took judicial notice, which were material, which formed the basis of the decision, and which would not have appeared on the record except for the court's action in making and filing the memorandum. *Held*, the memorandum is to be considered as a finding of facts, to the same extent as if it had been spread on the journal.

4. CRIMINAL LAW—*Trial Generally*. Assignments of error considered, and held to be without substantial merit.

Appeal from Woodson district court; ROBERT E. CULLISON, judge. Opinion filed November 6, 1926. Affirmed.

*C. S. Ritter*, of Iola, and *S. C. Holmes*, of Yates Center, for the appellant.
*Charles B. Griffith*, attorney-general, and *Leo W. Mills*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of assaulting and wounding another, under such circumstances that if death had ensued the offense would have been manslaughter, and appeals. He contends the court erred because it denied his motion for a continuance.

The case was set for trial on November 30, and the trial commenced on that day. On November 27, and on November 30, motions were made to continue. The grounds of the motions were in-

Criminal Law, 17 C. J. p. 129 n. 75.

State v. Baxter.

sufficient notice of assignment of the case for trial and lack of
opportunity to obtain the testimony of an absent witness. One of
the grounds of the motion for new trial was that the court errone-
ously refused to continue the case. When the motion for new trial
was denied, the district court filed a written memorandum stating
the grounds upon which the motions to continue were denied. The
memorandum discussed the affidavits filed in support of the motions,
stated the court's view of their legal sufficiency, and gave a history
of the proceedings preceding and attending assignment of the case
for trial. The memorandum concluded as follows:

"The court is convinced from the affidavits filed and from the things oc-
curring in open court, of which it must take judicial notice, that the defend-
ant knew approximately when his case would be tried for 20 days before it was
tried; knew when it would be set for trial for 17 days before it was tried;
knew, or should have known, for 10 days the exact date when it was set for
trial; and had notice so obtruded upon his view that he could not escape
knowing the date a week before the day when his trial began; and is further
convinced that within the time last named, if he had used due diligence, he
could have procured his son to be present and have had him testify in the
case."

The memorandum bore no resemblance to the various kinds of
extraneous documents which have been used in fruitless attempts to
enlarge, restrict, explain, or otherwise affect the formal record be-
fore this court on appeal. Neither was the memorandum in the
nature of a personal notation of the trial judge, such as minutes en-
tered on the trial docket. (*Pennock v. Monroe,* 5 Kan. 578.) The
statements contained in the document were judicial pronouncements
made in the course of the proceedings and as a part of them, and
placing the memorandum on file was an act of the court. Therefore
the document became a part of the record for the purpose of review
(R. S. 60-2942), and is regularly before this court for such consid-
eration as it may properly receive.

In part, the memorandum is an opinion of the district court dis-
cussing the facts and the law, and giving reasons for the court's rul-
ings. The practice of filing such opinions is commendable, because
the judicial process by which a decision is reached is disclosed to the
parties and may be correctly apprehended by this court. Such an
opinion, however, merely illuminates the decision, the nature of
which must be determined from the order or judgment as recorded
in the journal of the court.

The memorandum was more than an opinion of the court. One purpose of the court in preparing it and causing it to be filed was to state formally on the record facts which otherwise would not have appeared there. The facts were of such a character the court took judicial notice of them, and were actually known to the court because they occurred in the course of proceedings conducted by the court. They were material because they met contentions of the defendant that he did not have fair opportunity to prepare for trial, and they formed the basis of the conclusions stated in the portion of the memorandum which has been quoted.

We have here no question of impeaching a journal entry, or even of making clear the meaning of a journal entry. We have the equivalent of a finding of facts made and filed by the court relating to material matters, which the ordinary record of the proceedings would not have disclosed. There are decisions which exclude opinions and memoranda from consideration. Other decisions are more discriminating. Thus, a statement contained in the opinion of a trial court that "at the hearing the questions of fact at issue were waived or admitted" was given the effect by the reviewing court of an admission of record and as equivalent to full proof. (*Beasley v. Ridout,* 94 Md. 641, 649.) In Wisconsin, an opinion of the trial court embodied in the bill of exceptions assigning a reason for an order, was regarded as before the reviewing court for consideration, as much as the order itself. (*Becker v. Holm,* 100 Wis. 281, 282.) In this instance, the court regards the trial court's opinion as exhibiting a finding of facts which might have been entered on the journal. Neglect of the clerk to record the findings when making up the journal did not change their character or their proper relation to the record, and they must be considered to the same extent as if the district court had specifically ordered that they be spread on the journal.

The merits of the case were well disposed of in the opinion of the trial court, which is approved. An assignment of error relating to misconduct of the county attorney in his closing argument to the jury is makeweight.

The judgment of the district court is affirmed.