Andrews v. Glidden.

No. 26,962.

HARRY A. ANDREWS and EVA A. BECKNER, *Appellants,* v. M. E. GLIDDEN, as Administrator, etc., et al., *Appellees.*

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Final Determination of Issue of Law—Motion for Judgment Because Will Void on Its Face—Effect of Motion for New Trial on Issues of Fact.* The petition to contest a will stated two grounds of invalidity: first the will was void on its face for specified reasons, and second, the testator did not possess mental capacity to make a will. The answer was a general denial, and plaintiffs moved for judgment on the pleadings because the will was void on its face. The issue of law thus raised was determined by the court by a decision in writing which stated fifteen numbered findings. The findings were duly filed, and no appeal was taken from the decision. Afterwards the issue of fact relating to the testator's mental capacity was determined by the court adversely to plaintiffs. They filed a motion for new trial, which was denied, and they appealed from the order denying a new trial. *Held,* the question whether the will is void on its face is not before this court for determination.

2. WILLS—*Mental Capacity of Testator—Special Findings—Evidence.* The proceedings considered, and *held,* the findings of fact returned by the court determining the issue of fact relating to the testator's mental capacity, are sustained by sufficient evidence.

Appeal from Sherman district court; JACOB C. RUPPENTHAL, judge. Opinion filed January 8, 1927. Affirmed.

*Frank J. Horton, John Hartzler,* both of Goodland, and *A. M. Harvey,* of Topeka, for the appellants.

*George D. Freeze,* of Goodland, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to contest a will which made nominal bequests to the testator's children, and devised and bequeathed his property, real and personal, to his grandchildren. The plaintiffs were children of the testator. They were defeated, and appeal.

The petition alleged the will was void on its face for indefiniteness and uncertainty, for impossibility of execution because of its vagueness, and as violative of the rule against perpetuities. The petition also alleged the testator lacked testamentary capacity. The answer

Appeal and Error, 3 C. J. p. 967 n. 42.  Wills, 40 Cyc. p. 1023 n. 29.

was a general denial.  Plaintiffs moved the court for judgment on the pleadings, on the ground the will was void on its face for indefiniteness, uncertainty, ambiguity, and impossibility of being carried into effect, and because it violated the rule against perpetuities.  The motion was orally argued, and afterwards counsel for the respective parties filed briefs.  On July 22, 1924, the court determined the motion should be denied.  The decision was in writing, and contained fifteen numbered findings.  The first twelve interpreted the will, paragraph by paragraph.  The last three were in the nature of conclusions, and stated the will did not violate the rule against perpetuities, the provisions of the will were not too vague to be given effect, the will was *prima facie* valid and effectual, and the motion should be denied.  The findings were duly filed, and became part of the record.  (*State v. Baxter*, 121 Kan. 852, 250 Pac. 294.)

In April, 1925, the issue of fact was tried before the court and a jury.  The jury returned findings of fact which the court declined to approve, and on August 28, 1925, at the request of plaintiffs, the court stated findings of fact covering in detail the issue relating to testamentary capacity.  In reciting the history of the case, the court referred to findings of July, 1924, holding the will to be valid and effectual,. and the last paragraph of the findings of fact stated that the findings and conclusions of July, 1924, were reaffirmed, since they interpreted the will paragraph by paragraph.  Two conclusions of law were stated.  The first was that plaintiffs should take nothing, and defendants should recover costs.  The second was stated for the purpose of providing the basis of a judgment relating to the manner in which the will should be executed.

Plaintiffs filed a motion for new trial in the usual form, which was denied on August 31, 1925.  On February 4, 1926, plaintiffs appealed from the order denying the motion for new trial.

A new trial is reëxamination of an issue of fact (R. S. 60-3001).  The only issue of fact involved was whether the testator possessed testamentary capacity, and the motion for new trial stated grounds for reëxamination of that issue.  The trial of that issue had nothing to do with any one of the challenges of validity of the will presented in the motion for judgment on the pleadings.  No appeal was taken from the order denying the motion for judgment on the pleadings, and a new trial would have nothing to do with the subject of that motion.  The result is, the question whether the district court

Andrews v. Glidden.

properly interpreted the will is not open to consideration by this court.

The conclusion just stated is inevitable for another reason. The question whether the will was invalid on its face was not a question of fact. The general denial did not raise an issue of fact relating to that subject. The motion for judgment was equivalent to a demurrer (*Smith v. Lundy*, 103 Kan. 207, 173 Pac. 275), and the decision on the motion was a final determination of the issue of law which it raised. No appeal was taken within six months from the order denying the motion, and the court's interpretation of the will became incontestable.

Plaintiffs contend the findings relating to testamentary capacity are not sustained by evidence, and are contrary to the evidence. Oral testimony favorable to plaintiffs is confidently quoted, which the district court may have discredited, or may not have believed at all. Inferences of the district court are questioned, in disregard of the rule that, when testimony is open to different inferences, this court is bound by the district court's findings. At the oral argument in this court, it was stated this is an "equity case," apparently implying that the nature of the case affects in some way the function of this court in reviewing oral testimony. In other respects, the case is the usual one of dissatisfaction with findings sustained by evidence.

The judgment of the district court is affirmed.