No. 27,503.

EMMA F. REEVES and WILLIAM SROADE, *Appellants*, v. MINNIE C. SROADE, as Executrix, etc., *Appellee*.

(260 Pac. 609.)

SYLLABUS BY THE COURT.

WILL—*Incapacity and Undue Influence*. In an appeal from a judgment sustaining a will against an attack based on the testator's alleged incapacity and undue influence of the sole beneficiary, an assignment of errors considered and held to be without substantial merit.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed November 5, 1927. Affirmed.

*Earl Blake, Harold L. Blake* and *Ralph B. Blake*, all of Wichita, for the appellants.

*Vincent F. Hiebsch*, of Wichita, for the appellee.

Appeal and Error, 4 C. J. pp. 776 n. 57, 843 n. 65. Trial, 38 Cyc. p. 1945 n. 32, n. 37.

The opinion of the court was delivered by

DAWSON, J.: This was an action by a son and daughter to set aside their father's will. The basis of the action was their father's alleged want of testamentary capacity and that the will was executed through the undue influence of their stepmother.

On issues joined and evidence for the parties heard at length, the trial court found that the testator was of sound mind and memory at the date of the execution of the will, and that he did so execute it, and that it was not made through undue influence of the stepmother. Judgment was entered accordingly.

Plaintiffs appeal, and begin their argument with this proposition:

"Where the testimony tends to establish uncontradicted, but inconsistent facts, the reviewing court is not bound by the findings of the trial court."

This contention is untenable. This court is not a fact-finding tribunal. Uncontradicted evidence is not necessarily truthful; the trial court was not compelled to believe it. (*Cobe v. Coughlin,* 83 Kan. 522, syl. ¶ 2, 112 Pac. 115; *Fenn v. Kansas Gas & Electric Co.,* 118 Kan. 131, syl. ¶ 4, 234 Pac. 77.) Furthermore, the proposition as advanced by plaintiffs concedes that the so-called uncontradicted testimony clashed with "inconsistent facts," which doubtless constrained the trial court to discredit the testimony advanced in plaintiff's behalf.

Plaintiffs assign error in the trial court's striking out the answer of a witness that the testator was absent-minded. The fact itself was of little or no probative value on testamentary capacity. Philosophers and other abstruse reasoners are prone to be absent-minded. That arises from their intellectual power to disregard external trivialities and concentrate their attention on things worth thinking about.

Another error is suggested because the trial court permitted witnesses to testify that the testator was capable of making a testamentary disposition of his property. At most this evidence was objectionable only as to the form of the question and answer. (*Hessen v. Sapp,* 98 Kan. 737, 160 Pac. 220; *Cole v. Drum,* 109 Kan. 148, 152, 197 Pac. 1105; *Loveless v. Ott,* 121 Kan. 728, 735, 250 Pac. 324.) Moreover, where there is no jury to be misled by incompetent testimony, the introduction of incompetent testimony is not necessarily fatal to the judgment. Trial courts are presumed to refrain from giving judgment on such an ill-founded basis.

In *State Bank v. Weiser,* 117 Kan. 389, 393, 232 Pac. 613, it was said, "The presumption is that the trained mind of the trial judge was not led astray nor his judgment perverted by the fact that some incompetent testimony had been aired in his hearing. (*Crum et al. v. Oil Co.,* 117 Kan. 54, 230 Pac. 299.)"

Other objections to the judgment present nothing to justify discussion.

The judgment is affirmed.