No. 29,488.

W. F. Young, *Appellant*, v. R. C. Lucas and Maggie Lucas, *Appellees.*

(296 Pac. 362.)

Opinion filed March 7, 1931.

*John W. Adams,* of Wichita, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This was an action of replevin brought by W. F. Young to recover from R. C. Lucas and his wife, Maggie Lucas, the possession of furniture and furnishings of what is called the Orpheum Hotel, of the alleged value of $822.35, in which the defendants prevailed, and plaintiff appeals.

The Orpheum Hotel, a furnished rooming house, was leased by Mamie B. Young to Mrs. Lucas for a period of one year from August 11, 1928, at a fixed rental per month, and the lease contained a provision that Mrs. Lucas was to have an option, at the expiration of the one-year period, to continue the lease for a term of four years. At the end of one year the defendants gave notice of the exercise of the option to continue the lease and hold the premises for a period of four years from August 11, 1929, under the terms and conditions of the lease. The plaintiff alleged and contended that the personal property—that is, the furniture and furnishings—was owned by him and not by his wife; that he demanded the return of the furniture and this was refused. A redelivery bond was given and the property retained by the defendants. On the question of the ownership of the personal property the testimony of the Youngs was that it belonged to the husband and not to the wife and that she had no right or authority over it. The lease with elaborate provisions was signed by Mamie B. Young, and at the end it

was signed, "Attest, W. F. Young." The title to the real estate stood in the name of Mamie B. Young. W. F. Young stated that he had told the defendants that he would lend them the furniture for one year, and that he never authorized his wife to dispose of the property. The jury returned special findings to the effect that plaintiff was not the owner of the property or any part of it at the time the lease was made, and that Mamie B. Young was the owner of all of it. Upon the evidence and findings the court gave judgment for the defendants, and the contention here is that the findings and judgment are not sustained by the testimony, and that the option to hold the property for a period of four years was not a binding one. The language in the lease with respect to the option was: "That Mr. and Mrs. Lucas are to have option on the building after this lease expires for a term of four years." It appears that Mamie B. Young, after the lease was made, transferred the title of the real estate to Meade Hargiss and H. H. Stephenson. There was testimony that when the lease was executed an inventory of the household goods was made by the parties, including the furniture, and that at that time some of it was taken out.

There is a complaint of the action of the court in overruling plaintiff's demurrer to the defendants' evidence, and further that the evidence does not sustain the findings and judgment of the court. This is another of the many cases in which the jury determined a question of fact upon disputed evidence, and where the court has approved the findings made by the jury. Although there was testimony that plaintiff was the owner of the property in question, there was other testimony and circumstances to the contrary and, as has been so often decided, the jury's findings are controlling. It is evident that the direct evidence of the plaintiff to the effect that he was the owner of the property was not believed by the jury, and under numerous rulings they were at liberty to do so if his evidence did not convince them of the truth of his statements.

It has been held that court or jury is not bound to accept the evidence given by a witness as true and conclusive although there is no direct evidence contradicting his statements. (*Cobe v. Coughlin Hdw. Co.,* 83 Kan. 522, 112 Pac. 115; *Fenn v. Kansas Gas & Electric Co.,* 118 Kan. 131, 234 Pac. 77; *Reeves v. Sroade,* 124 Kan. 423, 260 Pac. 609.) See other authorities named in the cases cited.

There is nothing substantial in other objections presented by the plaintiff.

The judgment is affirmed.