No. 42,986

P. S. ROBBINS and JOSALYN ROBBINS, his wife; DICK ROBBINS, *Appellees*, v. LOUIS R. HANNEN and MARGARET E. HANNEN, his wife, *Appellants*.

(378 P. 2d 1)

Opinion filed January 26, 1963.

*H. T. Horrell*, of Burlington, argued the cause, and was on the briefs for Appellants.

*William A. Buckles*, of Burlington, argued the cause, and was on the briefs for Appellees.

The opinion of the court was delivered by

FATZER, J.: This was an action brought by the plaintiffs for the removal of a sewer line which defendants through their predecessors in title caused to be constructed on plaintiffs' property. The defendants' demurrer to the plaintiffs' second amended petition was overruled by the district court, and they have appealed.

The action arose out of an agreement made and entered into on May 15, 1916, for the purpose of permitting the owner of city lots in Burlington, Kansas (track 2), to run a sewer line through the

wall and across a city lot now owned by the plaintiffs (tract 1) and connect such line onto the existing sewer line of the plaintiffs. Tract 1 is contiguous to and adjoins tract 2. Although the agreement was made on May 15, 1916, it was not recorded until August 12, 1946. On August 27, 1946, the then owner of tract 1 and a party to the original agreement of May 15, 1916 (plaintiffs' predecessor in title), entered into an agreement with the defendants who had purchased tract 2 without knowledge of the existence of the original sewer line agreement, and they agreed that the original agreement of 1916,

"shall be and the same is hereby in full force and effect between the parties hereto and that the same shall be binding on them and their respective heirs, executors, administrators, devisees, trustees and assigns under the same conditions and in the same manner as if the said sewer line agreement had been filed of record and recorded on May 15th, A. D., 1916."

That agreement was duly recorded in Coffey County.

On January 10, 1960, the plaintiffs entered into an agreement to sell tract 1 and convey the real estate clear of all encumbrances by general warranty deed and furnish an abstract showing a good merchantable title. After the purchaser's attorney examined the abstract of title to tract 1 the purchaser refused to accept the title as being a merchantable title clear of all encumbrances, and he demanded that the sewer line be removed and the servient easement be released and discharged.

The agreement expressly provided among other things, that if the sewer line easement prevented the owner of tract 1,

"from at any time selling his above-described property, then and in that event said first parties (owners of tract 2) shall remove the same from said premises after being notified in writing to that effect, but shall have 60 days in which to remove same from said premises."

In accordance with the written agreement, the plaintiffs, on March 3rd and 4th, 1960, caused written notices to be served personally upon each defendant requesting the removal of the sewer line within 60 days. The defendants refused, and the plaintiffs commenced this action.

At the outset, we note that neither party contends the sewer line agreement is ambiguous in any respect, and in determining the intent and purpose of the parties, all the language used anywhere therein will be taken into consideration and construed in harmony with other provisions.

The defendants first contend that the terms of the agreement are

such that it is operative "only in the event Warren S. Wilson was prevented from selling the servient tenement." Wilson was one of the parties to the original agreement and was the plaintiffs' predecessor in title to tract 1. He was also the original owner who entered into the subsequent agreement with the defendants on August 27, 1946. In making the contention, defendants recognize that the agreement provided it should be binding upon the heirs, executors, administrators, devisees, trustees and assigns of the parties and concede it was so binding, however, they contend the agreement was personal to the original parties and that it terminated with their ownership, hence there was nothing binding on their successors. No authority is cited for the contention and we know of none to support it.

It is a contradiction and an inconsistency to concede that the agreement is binding on successors in interest, and at the same time contend it is personal to the parties. The agreement was acknowledged and recorded and was so related to the real estate affected as to impose its obligations and bestow its benefits upon the successors in title. The use of the language making the terms of the agreement binding upon the heirs, executors, administrators, devisees, trustees and assigns of the parties sufficiently indicates that intention (*Southworth v. Perring*, 71 Kan. 755, 81 Pac. 481). While the defendants had no record or other notice of the sewer line agreement or any knowledge of the same at the time they acquired title to tract 2, none the less, they ratified and confirmed all the benefits and burdens imposed by the original agreement when they entered into the separate agreement with the owner of the servient estate on August 27, 1946. When full consideration is given to the original agreement, it must be said that it indicates an intention that its terms are not personal to the parties but run with the land and are binding on the plaintiffs and the defendants as their successors.

By the terms of the agreement between the plaintiffs as sellers and their purchaser, they were obligated to furnish a merchantable title to tract 1, free and clear from encumbrances. The weight of authority is to the effect that a sewer easement across a property constitutes an encumbrance within the meaning of contracts to convey land free of encumbrances (92 C. J. S., Vendor & Purchaser, § 206e, p. 70; 55 Am. Jur., Vendor and Purchaser, § 263, p. 712; 57 A. L. R. 1440). We think the agreement in question comes within

the definition of an easement which has been defined as "a right, distinct from ownership, to use the land of another in some way without compensation" (92 C. J. S., Vendor & Purchaser, § 206a, p. 66; 57 A. L. R. 1426).

While the defendants infer that the agreement falls within these general rules, they seek to avoid their application on the ground that the instant case comes within the principle declared in *Wheeler v. Beem*, 111 Kan. 700, 208 Pac. 626, as an exception to the general rule on the ground that the sewer easement constituted a benefit to the servient estate. In that case, the court recognized the general rule that an easement constitutes an encumbrance, but took the case out of the general rule because of a finding of benefit to the servient estate. However, the facts in the Wheeler case are not comparable to those in this case since the sewer there involved was a neighborhood lateral and the grant was voluntarily made to secure the benefits which were conferred upon the servient estate. Further, the complaining vendee had knowledge of the sewer connection and testified he would not have purchased the property if it had not been equipped with sewer and bath. In addition, the district court made an express finding the sewer was a benefit to the servient estate. That is not the case here. The district court prepared a memorandum opinion and discussed the law and facts and gave the reasons for overruling the defendants' demurrer. On this point the court said, "The sewer easement conferred nothing on Tract 1 owner essential or desirable in the use of his premises that he did not then have. It added nothing of substance to his improvement or benefit." Memorandum opinions of district courts serve to illuminate the decisions they accompany, and the practice of filing them is commendable. In *State v. Baxter*, 121 Kan. 852, 250 Pac. 294, this court held that a memorandum opinion, "is to be considered as a finding of facts, to the same extent as if it had been spread on the journal."

By the express terms of the agreement it was to benefit the owners of tract 2 who were given permission to run a sewer line and make a sewer connection on tract 1. That easement was made for the benefit of the dominate estate, was a detriment to the servient estate, and it must be said it was an encumbrance which constituted a substantial infirmity to the title to tract 1.

The nature of the easement was defined in unambiguous language, and it is clear the parties contemplated that the sewer line

was the subject of removal. The agreement provided for removal by the dominate estate owner in the event a sale of the real estate at "any time" was prevented; if the building of the dominate estate owner were destroyed and not rebuilt, or if the dominate estate owner should fail to keep any of the covenants on his part. An analysis of the agreement, particularly with respect to the provision concerning a sale of the premises, clearly shows that the parties themselves recognized the encumbering nature of the sewer line easement and that it constituted such an impairment of title as to make the property unmarketable and likely to prevent its sale.

The defendants devote a large portion of their brief to the question that the clause providing for removal of the sewer line if it prevented a sale of tract 1, was a forfeiture clause, and that forfeitures are not favorites of the law. While that is true, such a maxim has no application here. As has been indicated, the agreement anticipated the possibility that the sewer line might have to be removed at some future date. Both parties recognized that fact and made provisions for such contingency. All that the plaintiffs seek is to have the terms of the agreement carried out.

We have considered, not overlooked, the various arguments of defendants and the authorities cited, but it would add nothing to this opinion to comment upon them. Suffice it to say that when the defendants joined with the servient estate owner in 1946 in treating the easement as though of record at the time of its execution in 1916, they then stood in the same position as having had such notice and thereafter held their property subject to all the terms and provisions of the original agreement. As has been concluded, the sewer line easement constituted an encumbrance to the title to plaintiffs' property and the defendants expressly agreed to remove the same in the event it prevented a sale of the property. Until such encumbrance is removed, the plaintiffs are unable to deliver merchantable title, and it follows that the district court did not err in overruling defendants' demurrer to the amended petition.

The judgment of the district court is affirmed.