No. 43,989

P. S. ROBBINS and JOSALYN ROBBINS, his wife; DICK ROBBINS, *Appellees,* v. LOUIS R. HANNEN and MARGARET E. HANNEN, his wife, *Appellants.*

(400 P. 2d 733)

Opinion filed April 10, 1965.

*H. T. Horrell,* of Burlington, was on the brief for the appellants.

*William A. Buckles,* of Burlington, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: Plaintiffs (appellees) brought this action for the removal of a connecting sewer line which defendants (appellants) through their predecessors in title caused to be constructed on plaintiffs' property. On a previous appeal to this court (*Robbins v. Hannen,* 190 Kan. 711, 378 P. 2d 1) it was held the petition stated a cause of action for the removal of defendants' connecting sewer line.

The facts in this matter were amply narrated in *Robbins v. Hannen,* supra, and need not be restated other than where necessary for clarification of the issues to be determined.

The City of Burlington passed an ordinance requiring all property owners of buildings located near a sewer, or in a block within a sewer district, to make connections with the city sewer, and the failure of any property owner to so do gave the city the right to advertise for bids for the construction and making of such connection and to assess the costs thereof against the property.

In an attempt to comply with the terms of the ordinance, the defendants through their predecessors entered into a contract with plaintiffs through their predecessors for the purpose of permitting

defendants to run a lateral sewer line through the wall of the building and across the city lots owned by plaintiffs and to connect such line into the existing connecting sewer line of plaintiffs leading to the city sewer. The agreement expressly provided, in pertinent part:

". . . that if said sewer shall prevent said second party [plaintiffs] from at any time selling his above-described property, then in that event said first parties [defendants] shall remove the same from said premises after being notified in writing to that effect, but they shall have 60 days in which to remove same from said premises; . . ."

Subsequently, plaintiffs P. S. Robbins and his wife Josalyn entered into a contract with their adopted son, plaintiff Dick Robbins, to sell and convey their property, clear of all encumbrances, by general warranty deed and to furnish an abstract showing a good merchantable title. In accordance with the mentioned written agreement, plaintiffs caused written notice requesting removal of the lateral sewer line from plaintiffs' premises within sixty days to be served personally upon each defendant. Defendants refused to remove the sewer line and plaintiffs commenced this action against defendants, based upon the provisions of the mentioned contract, seeking to have defendants remove their connecting sewer line from plaintiffs' premises so that merchantable title might be given by plaintiffs to the purchaser of their property.

In *Robbins v. Hannen,* supra, we held that plaintiffs' petition stated a cause of action against defendants and that the existing sewer easement across plaintiffs' property contracted to be sold by them constituted an encumbrance on plaintiffs' property.

The defendants filed an answer setting up as a defense that the city ordinance required them to make connection with the sewer and that they did so with the approval of the board of health, and, therefore, the contract was in contravention of the ordinance and unenforceable. The plaintiffs' motion to strike this defense from the answer on the grounds it was not a defense under the issues was sustained by the trial court.

The case proceeded to trial. The plaintiffs introduced their evidence consisting of the sewer agreement made by the parties; the contract between the plaintiffs, P. S. and Josalyn Robbins, and the purchaser of their property, Dick Robbins; the notice of the plaintiffs served on the defendants to remove the sewer line within sixty days from the date of the notice; evidence that the plaintiffs had entered into the contract for the sale of their property to Dick

Robbins and had received a $500 down payment; the request by the purchaser that the sewer easement be removed, as it constituted an encumbrance upon the property, and the defendants' refusal to so remove the sewer line; and other evidence in support of the allegations of plaintiffs' petition. The defendants demurred to plaintiffs' evidence on the ground it was insufficient upon which to base recovery. The court overruled the demurrer and the defendants chose not to introduce any evidence but to stand on their demurrer. The court entered judgment in accordance with the prayer of plaintiffs' petition, from which order defendants appeal.

Defendants first contend the trial court erred in sustaining plaintiffs' motion to strike from the defendants' answer the city ordinance pleaded by them. They contend the ordinance is a valid exercise of police power and supersedes and voids the provisions contained in the sewer line agreement between the parties. Plaintiffs concede the validity of the ordinance but maintain it contemplates connecting with the city sewer line and not the lateral connection line of the plaintiffs. We think the trial court correctly sustained the motion to strike from the answer all reference to the ordinance, in that the wording of the ordinance obligating all property owners to connect with the sewer obviously means the city sewer system. There is nothing in the ordinance authorizing defendants to connect with the service line of an individual property owner leading to the city sewer system, such as in the instant case; moreover, there is nothing in the ordinance which in any manner would conflict with the terms of the sewer easement contract entered into between the plaintiffs and the defendants.

Defendants next contend the court erred in allowing plaintiffs' attorney to act in the dual capacity of witness and attorney. The record discloses that the testimony of plaintiffs' attorney dealt with a mere formal matter, i. e., the receipt of a letter. On this point the trial court said, "The circumstance testified to here was but the simple fact of receiving a letter in the ordinary course of mail and is of such a formal character as not to be within the conduct denounced by the decisions and proper standard of ethics."

Canon 19 of the Canons of Professional Ethics (164 Kans. XV) adopted by the American Bar Association and the Kansas Bar Association provides:

"When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he

should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

The decisions of this court are not at variance with the spirit and intent of the rule just quoted. With respect to merely formal matters, there is ordinarily no breach of professional ethics in a lawyer's giving testimony in an action in which he is serving as an attorney. We are of the opinion that counsel's testimony in the instant case was competent, as it related only to a merely formal matter, and his conduct in testifying was not a violation of the Canons of Professional Ethics or contrary to the prior decisions of this court.

Other matters raised have been considered and found to be without substantial merit to authorize a reversal, and the judgment of the trial court is affirmed.