No. 49,552

STATE OF KANSAS, *Appellant,* v. WILLIAM E. JOHNSON, *Appellee.*

(580 P.2d 1339)

Opinion filed July 15, 1978.

*Curt T. Schneider,* attorney general, and *Geary N. Gorup,* county attorney, were on the brief for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an interlocutory appeal from a ruling disqualifying the Butler County Attorney from prosecuting a worthless check case. (K.S.A. 21-3707.)

An information was filed charging defendant with passing a worthless check. At the preliminary hearing the state called James Hargrove, an attorney and part-time deputy county attorney for Butler County. His purpose in testifying was to state that he had mailed the seven-day notice to defendant as required in K.S.A. 21-3707 and the receipt of certified mail was returned to him, signed by William E. Johnson. Defense counsel moved to disqualify the Butler County Attorney from prosecuting the case because the witness was on the staff of the county attorney. The associate district judge sustained the motion.

DR 5-101 (B) of the Code of Professional Responsibility, 220 Kan. cxix, provides:

"A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

DR 5-102 (A) provides:

> "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4)."

We believe it was the intention of DR 5-101 (B) (2) to permit counsel to testify as to the mailing of notices and as to the return of the receipt for certified mail. This testimony related solely to a matter of formality and there was no reason to believe substantial evidence would be offered in opposition. Although decided before the adoption of the Code of Professional Responsibility in this state, the following cases support this position: *Robbins v. Hannen,* 194 Kan. 596, 599, 400 P.2d 733 (1965); *State v. Spencer,* 186 Kan. 298, 302, 349 P.2d 920 (1960); *State v. Ryan,* 137 Kan. 733, 22 P.2d 418 (1933). The lower court erred in disqualifying the county attorney from the case.

The judgment of the trial court is reversed.